UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61936-CIV-UNGARO/SIMONTON

RUTHER ARCHER, and
HAROLD RICHARDSON,

    Plaintiffs,

v.

AIR JAMAICA,

    Defendant,
_____/

**ORDER GRANTING BY DEFAULT DEFENDANT'S SECOND
MOTION TO COMPEL RELATING TO INITIAL DISCLOSURES**

Presently pending before the Court is Defendants' Second Motion To Compel Relating To Initial Disclosures (DE # 13). This motion is referred to the undersigned Magistrate Judge (DE # 14). Plaintiffs have not responded to the motion, and the last day to timely file a response in opposition to the motion was April 8, 2010.

On November 19, 2009, Plaintiffs sued Defendant Air Jamaica in Florida state court for defamatory misrepresentation, alleging that they were both experienced customer representatives of Air Jamaica at the Fort Lauderdale airport, and that Air Jamaica discharged Plaintiffs, and falsely represented to Plaintiffs and to members of the public that both Plaintiffs were fired for theft. Plaintiffs claim they were really discharged for reasons relating to the economic condition of Defendant (DE # 1 at 15-16). On December 8, 2009, Defendant removed the case to this court (DE # 1).

Also on December 8, 2009, Defendant filed an Answer to the Complaint (DE # 3).

On March 9, 2010, Defendant moved to compel Plaintiffs to provide initial disclosures (DE # 10). On the same day, the District Court granted the motion, and ordered Plaintiffs to served their Initial Disclosure on or before March 17, 2010. The

Court noted that failure to comply with the Order might result in dismissal of the action (DE # 11).

In response to the Court's Order, on March 10, 2010, Plaintiffs served their initial disclosures (DE # 12).

This motion follows.

II.  Defendant's Motion

Defendant initially contends that Plaintiffs' initial response is inadequate in that Plaintiff does not identify either any representatives of Defendant who purportedly made an alleged negligent misrepresentation, or those members of the public and/or employees of Defendant who purportedly heard any alleged negligent misrepresentation. (DE # 13 at 3-4).  Defendant also states that Plaintiffs have failed to provide an initial disclosure on damages, even though the Complaint states that they seek $300,000 in damages (DE # 13 at 4-5).  Defendant asks the Court to enter an order compelling Plaintiffs to supplement their initial disclosures within five calendar days of the Court's order, or to dismiss the case due to Plaintiffs' pattern of dilatory conduct (DE # 13 at 5).

III.  Analysis

As Plaintiffs have failed to respond to Defendant's motion within the time provided by Local Rule 7.1 C., Defendant's motion is granted by default.

Therefore, pursuant to Local Rule 7.1 C., it is hereby

**ORDERED AND ADJUDGED** that Defendants' Second Motion To Compel Relating To Initial Disclosures (DE # 13), is **GRANTED by default**.  On or before April 22. 2010, Plaintiffs shall provide better initial responses 1) stating the names, addresses, telephone numbers (to the extent known ) for a) those representatives of Defendant who purportedly made a negligent misrepresentation, and b) those members of the public

and/or employees of Defendant who purportedly heard any alleged negligent misrepresentation, and 2) a) explaining each category of monetary damages they claim; b) explaining how they calculated each category and c) providing copies of documents supporting the damages calculation.

**DONE AND ORDERED** in chambers in Miami, Florida on April 9, 2010.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro,
	United States District Judge
All counsel of record